UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JOHN DOE #1,<br><br>         Plaintiff,<br><br>    -against-<br><br>2001 ARTHUR LLC; YOEL SCHAEFAR;<br>JOHN DOE #2,<br><br>         Defendants. | 24-CV-9542 (RA)<br><br>ORDER OF SERVICE |

RONNIE ABRAMS, United States District Judge:

  Plaintiff, who is appearing *pro se*, brings this action alleging that Defendants violated his rights under the Fair Housing Act, the Americans with Disabilities Act, and the New York State and New York City Human Rights Laws. By order dated February 5, 2025, the Court granted Plaintiff's request to proceed *in forma pauperis* ("IFP"), that is, without prepayment of fees.

## DISCUSSION

**A. Service on named defendants**

  Because Plaintiff has been granted permission to proceed IFP, he is entitled to rely on the Court and the U.S. Marshals Service to effect service.[1] *Walker v. Schult*, 717 F.3d. 119, 123 n.6 (2d Cir. 2013); *see also* 28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve all process . . . in [IFP] cases."); Fed. R. Civ. P. 4(c)(3) (the court must order the Marshals Service to serve if the plaintiff is authorized to proceed IFP).

---

[1] Although Rule 4(m) of the Federal Rules of Civil Procedure generally requires that a summons be served within 90 days of the date the complaint is filed, Plaintiff is proceeding IFP and could not have effected service until the Court reviewed the complaint and ordered that any summonses be issued. The Court therefore extends the time to serve until 90 days after the date any summonses issue.

To allow Plaintiff to effect service on Defendants 2001 Arthur LLC and Yoel Schaefar through the U.S. Marshals Service, the Clerk of Court is instructed to fill out a U.S. Marshals Service Process Receipt and Return form ("USM-285 form") for each of these defendants. The Clerk of Court is further instructed to issue summonses and deliver to the Marshals Service all the paperwork necessary for the Marshals Service to effect service upon these defendants.

If the complaint is not served within 90 days after the date summonses are issued, Plaintiff should request an extension of time for service. *See Meilleur v. Strong*, 682 F.3d 56, 63 (2d Cir. 2012) (holding that it is the plaintiff's responsibility to request an extension of time for service).

Plaintiff must notify the Court in writing if his address changes, and the Court may dismiss the action if Plaintiff fails to do so.

**B.**     ***Valentin* order**

Under *Valentin v. Dinkins*, a *pro se* litigant is entitled to assistance from the district court in identifying a defendant. 121 F.3d 72, 76 (2d Cir. 1997). In the complaint, Plaintiff supplies sufficient information to permit the 2001 Arthur LLC to identify the John Doe employee described in the complaint and known to Plaintiff as "Tyrone." It is therefore ordered that counsel for 2001 Arthur LLC must ascertain the identity of the John Doe whom Plaintiff seeks to sue here and the address where the defendant may be served. Counsel for 2001 Arthur LLC must provide this information to Plaintiff and the Court within sixty days of the date of this order.

Within thirty days of receiving this information, Plaintiff must file an amended complaint naming the John Doe defendant. The amended complaint will replace, not supplement, the original complaint. An amended complaint form that Plaintiff should complete is attached to this order. Once Plaintiff has filed an amended complaint, the Court will screen the amended complaint and, if necessary, issue an order directing the Clerk of Court to complete the USM-285

forms with the addresses for the named John Doe Defendant and deliver all documents necessary to effect service to the U.S. Marshals Service.

**C.    Motion to request counsel**

Plaintiff filed a motion for court to request *pro bono* counsel. (ECF 4.) The factors to be considered in ruling on an indigent litigant's request for counsel include the merits of the case, Plaintiff's efforts to obtain a lawyer, and Plaintiff's ability to gather the facts and present the case if unassisted by counsel. *See Cooper v. A. Sargenti Co.*, 877 F.2d 170, 172 (2d Cir. 1989); *Hodge v. Police Officers,* 802 F.2d 58, 60-62 (2d Cir. 1986). Of these, the merits are "[t]he factor which command[s] the most attention." *Cooper*, 877 F.2d at 172. Because it is too early in the proceedings for the Court to assess the merits of the action, Plaintiff's motion for counsel is denied without prejudice to renewal at a later date.

## CONCLUSION

The Clerk of Court is instructed to issue summonses for 2001 Arthur LLC and Yoel Schaefar, complete the USM-285 form with the address for each of these defendants, and deliver all documents necessary to effect service to the U.S. Marshals Service.

The Clerk of Court is directed to mail a copy of this order and the complaint to 2001 Arthur LLC at: 2001 Arthur Avenue, Bronx, NY 10457.

The Court denies Plaintiff's motion for the court to request *pro bono* counsel without prejudice to renewal at a later date. (ECF 4.)

The Clerk of Court is directed to mail an information package to Plaintiff.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *Cf.*

*Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

SO ORDERED.

Dated: February 11, 2025
       New York, New York

_____
RONNIE ABRAMS
United States District Judge

**SERVICE ADDRESS FOR EACH DEFENDANT**

1.     2001 Arthur LLC
       2001 Arthur Avenue
       Bronx, NY 10457

2.     Yoel Schaefar
       2001 Arthur Avenue
       Bronx, NY 10457